IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **HEATHER JONES,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CASE NO: 7:22-cv-134 (WLS)** |
| : | |
| **WALMART STORES EAST LP,** *et al.*, : | |
| : | |
| **Defendant.** : | |
| _____ : | |

**ORDER AND PROTECTIVE CONSENT ORDER**

This matter is before the Court on the Joint Motion for Protective Order (Doc. 13) ("Motion") which appears to be filed on behalf of Heather Jones, Plaintiff, and Walmart Stores East LP, *et al.*, Defendants.[1] By agreement of the parties and with the changes and corrections made herein to the Parties' proposed order, and for good cause, the Court finds that:

1. A protective order should be, and hereby is, entered pursuant to Fed. R. Civ. P. 26(c) for the purpose of protecting documents and information that Defendant Walmart Stores East LP ("Defendant"), contends is proprietary and confidential, which is produced by Defendant in litigation subject to the instant protective order, including but not limited to, if applicable, any personnel files of employees or former employees relating to and/or evidencing any hiring, training, discipline, and/or separation or termination, if applicable, from Defendant; any "claims run" or "lawsuit run"; any training plans for employees; any applicable policies and guidelines regarding asset protection; any computer based learning modules; any applicable policies for customer incidents at the store; any store video regarding the incident in question; any camera schematic for the store; and any floor plan for the store. Defendant may mark all such Documents as "Confidential" or "Confidential–File Under Seal".

---

[1] The Motion was originally filed on February 24, 2023 (Doc. 12) and was refiled on February 28, 2023 (Doc. 13) to correct the names of the parties in the caption. However, the Parties neglected to correct the names of the Parties in the body of the Motion and Order. Further, the Court modifies the proposed consent order to require that any documents filed under seal shall be filed in accordance with Local Rule 5.4. *See, infra,* ¶¶ 1, 4.

Documents marked "Confidential" will be subject to this Order but do not require filing with the Court under seal in connection with any motions or depositions. Document marked "Confidential-File Under Seal" shall only be filed with the Court in accordance with Local Rule 5.4.

2. Any party contesting whether or not a document should be marked "confidential", will notify the defendant in writing identifying which document he/she contends should not be marked "confidential". The parties will then have seven (7) business days after receipt of the aforementioned notification to resolve the dispute without Court intervention. If the parties are not able to resolve the dispute within seven (7) business days, the party contesting the description of a document as "confidential" shall submit it under seal to the Court for an in-camera inspection and final decision as to whether or not the document should remain "confidential".

3. No document, deposition, or tangible thing or other information described in Paragraph 1 may be disclosed to any person, except for the following: counsel of record; persons assisting counsel of record, including outside experts and consultants; directors, officers, and employees of any party; and employees of any party's attorney to whom it is necessary that the material be disclosed for purposes of this litigation.

For purposes of any disclosures to persons assisting counsel of record; outside experts or consultants; directors, officers and employees of any party; and employees of any party's attorneys, the party making such a disclosure must: obtain an agreement in writing from the persons assisting counsel, including outside experts or consultants, or officers and employees of either party, reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions.

4. Each party agrees that before filing with the Clerk of Court any paper (including, without limitation, an affidavit, memorandum, or motion) that discloses directly or indirectly all or part of any document described in paragraph 1 above which requires filing under seal, such paper shall be filed under seal and labeled "CONFIDENTIAL-File Under Seal". Such filings shall be made in accordance with Local Rule 5.4.

5. All such documents and materials produced by Defendant to counsel for Plaintiff pursuant to paragraph 1 above shall be used only in the course of the above-captioned proceedings, and shall not be used or provided for use in any other litigation or proceedings.

6. The documents and materials produced by Defendant to counsel for Plaintiff pursuant to paragraph 1 above shall not be published, orally, by copy, or by any other means, to any person.

7. Upon conclusion of this action, counsel for Plaintiff shall return to counsel for Defendant the original and all copies made of such documents and materials described in paragraph 1 above.

8. After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information contained therein have been communicated or disclosed pursuant to the provisions of this Order or any other order of this Court.[2]

**SO ORDERED**, this 2nd day of March 2023.

 /s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The within order is entered as proposed by the Parties as submitted in their proposed consent order, only amended by the Court to correct the aforementioned errors and procedures. *See, supra*, n.1. Said proposed consent order is made a part hereby by reference and attached as Exhibit No. 1.