IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **HEATHER JONES,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | :     CASE NO: 7:22-cv-134 (WLS) |
| | : |
| **WALMART STORES EAST, LP d/b/a** | : |
| **WAL-MART STORE #899, JOHN DOE,** | : |
| **ABC CORPORATION and** | : |
| **XYZ ENTITY** | : |
| | : |
| **Defendants.** | : |
| _____ | : |

## **ORDER**

     Trial of this matter was originally scheduled for the Court's February 2024 Valdosta Trial Term. By various Orders (Docs. 20, 22, 24), the Court granted the Parties' continuances of the trial to allow them to mediate. By Order (Doc. 26) ("Continuance Order") entered June 17, 2024, the trial was continued again to the Court's November 2024 Valdosta Term. The Court notified the Parties that no further extension of the trial date would be granted except to prevent manifest injustice upon timely written motion for good cause shown upon grounds not reasonably foreseeable or avoidable by the moving party or Parties. (Doc. 26 at 2). Further, by Order (Doc. 16) ("Discovery Order") entered August 9, 2023, the Court granted the Parties' request to reopen and extend the discovery deadline to October 27, 2023. The dispositive motion deadline was extended to November 27, 2023. No such motions have been filed to date. The Discovery Order reminded the Parties that requests for extensions are to be made within the deadlines for which extensions are requested. (Doc. 16 at 2).

     The Parties' Joint Status Report (Doc. 23), filed February 21, 2024, notified the Court that they needed to take the deposition of Dr. Thomas Rousch, a surgeon who performed spinal surgery on Plaintiff.[1] The Parties believed that Dr. Rousch's testimony could influence

---

[1] The Parties did not file a motion requesting an additional extension of the discovery deadline or any other deadline set by the Court's original scheduling Order (Doc. 9), as amended (Doc. 16). As the Court advised the

their evaluation of the case significantly enough that a settlement may be possible. The Continuance Order was entered to accommodate the Parties when they had difficulty scheduling Dr. Rousch's deposition, which was finally taken on June 24, 2024 (Doc. 27). In the Parties' Third Joint Status Report (Doc. 27) filed July 31, 2024, the Parties advised the Court that they were unable to settle this matter at a reconvened mediation held on July 23, 2024, after Dr. Rousch's deposition was taken. The Parties further advise that they are continuing to work toward a resolution, and "agree that an additional 90 days is needed to complete any remaining expert discovery in the matter."

As noted above, the extended discovery deadline was October 27, 2023. The Parties have not filed a motion requesting an additional extension of the discovery, or any related, deadline. At no time have the Parties indicated that additional expert discovery may be necessary. Nor have they filed a motion *showing good cause on grounds not reasonably foreseeable or avoidable by the Parties*, requesting the Court continue this case to the Court's next Valdosta term in order to accommodate a 90-day extension of discovery. (*See* Doc. 26 at 2).

Accordingly, pursuant to the Court's Continuance Order, absent the filing of appropriate motions, the trial of this matter will be set during the Court's November 2024 Valdosta Term. As is the practice of this Court, they may agree between themselves to conduct discovery outside of the discovery deadlines, but the Court will not entertain disagreements as to discovery outside of the deadlines, other than deadlines which have not expired.

**SO ORDERED**, this 2nd day of August 2024.

            **/s/ W. Louis Sands**
            **W. LOUIS SANDS, SR. JUDGE**
            **UNITED STATES DISTRICT COURT**

---

Parties at the initial discovery conference, they may agree between themselves to conduct discovery outside of the discovery deadlines, but the Court will not entertain disagreements as to discovery outside of the deadlines.